STATE OF RHODE ISLAND
WASHINGTON, SC

SUPERIOR COURT

RAYMOND S. KAGELS,
Plaintiff

vs

WC -

CAMBRIDGE GALAHER SETTLEMENTS &
INSURANCE SERVICES, INC.
Defendants

# COMPLAINT

## A. NATURE OF THE ACTION

1. Plaintiff, Raymond S. Kagels, files this complaint alleging Breach of Contract, Unjust Enrichment and seeks declaratory relief against Defendant, Cambridge Galaher Settlements & Insurance Services, Incorporated (hereinafter "Cambridge Galaher".)

2. Plaintiff seeks damages, punitive damages, costs, interest, attorney's fees, declaratory relief and such other further relief as this Honorable Court deems just.

## B. PARTIES

3. Plaintiff a resident of the Town of Narragansett, County of Washington, State of Rhode Island.

4. Defendant, Cambridge Galaher, is a California corporation with business locations throughout the United States, including North Providence, Rhode Island and registered to do business in the State of Rhode Island.

## C. JURISDICTION AND VENUE

5. The amount in controversy is in excess of Five Thousand Dollars. Personal Jurisdiction and venue are proper.

D. FACTS

6. Plaintiff was previously employed by Cambridge Galaher. The Plaintiff, in accordance with the business practices in the industry, sought to end the employee relationship and work out a personal services contract with the Defendant, whereby he would continue to service his established client base and provide a sharing of the commissions received with the Defendant.

7. The parties reached a tentative agreement on the terms of the personal service contract, however, house counsel for the Defendant had some modifications to the terms and conditions subject to approval by outside counsel.

8. Since the negotiations for a personal service contract had not been finalized, the Plaintiff proposed a commission sharing agreement with the Defendant. The Plaintiff would introduce his selected agent of the Defendant to the representatives of his client base and work with the parties to continue their prior relationships with the Defendant. The Defendant was advised by Executive Vice President David Hays that he would have to resign from the company before the agreement could become effective.

9. Plaintiff, worked out a Commission Sharing Agreement with Elsa Vernon, an Assistant Vice President of the Defendant, whereby she would personally service the Plaintiff's clients. David Hays and Dennis Drexler (company President) were both aware that the agreement was being negotiated before it was finalized. They encouraged and supported it in concept, and never made any objection to it. This agreement was signed by the parties in the State of Rhode Island on March 15, 2007. The Plaintiff has complied with all the terms of the agreement, including personal introductions to his client base for Elsa Vernon and personal assurances to his

customers that she would continue to provide the excellent service that they had come to expect. As required, the Plaintiff resigned from employment with the Defendant.

10. Under the terms of this agreement, commissions would be shared according to a varying scale of different percentages for a period of 5 years. On a financial basis, this agreement was significantly more lucrative to the Defendant than the Personal Services Contract that the parties had attempted to negotiate.

11. On April 16, 2007, the plaintiff received correspondence from Cambridge Galaher dated April 6, 2007, in which they informed him that the Commission Sharing Agreement is invalid and unenforceable and that they would not be bound by its terms and conditions.

**COUNT I**
**BREACH OF CONTRACT**

12. Plaintiff realleges and incorporates Paragraphs 1 through 11 of this Complaint and make the same a part hereof.

13. Defendants breached their contract with the plaintiff by writing to the Plaintiff that the Defendant is "not bound to any of the terms set forth" and that "you will not be receiving any of the payments."

14. Defendants, after receiving the benefits of the agreement with the Defendant, through their attorneys, have requested that the Plaintiff sign a recession to the contract.

**WHEREFORE,** Plaintiff requests that this Honorable Court enter judgment against the Defendants for breach of contract together with interest, costs, punitive damages, and attorney's fees and such other and further relief as this Court deems just.

**COUNT II**
**UNJUST ENRICHMENT**

15. Plaintiff realleges and incorporates Paragraphs 1 through 14 of this Complaint and make the same a part hereof.

16. Defendants have been unjustly enriched by their acceptance of the benefits of the contract while at the same time refusing to comply with the terms of reimbursement to the Plaintiff.

17. The standard practice in the industry and at Cambridge Galaher is for the broker to take "his/her clients" with him upon leaving the company. This has been a longstanding practice at Cambridge Galaher and other companies in the industry.

18. The Plaintiff, in an attempt to ensure that his clients received high quality services worked out a financial contract with Defendant, which was favorable to the Defendant, while assuring his clients that they would receive high quality services from a dedicated and experienced broker.

19. In writing, the Defendant, after receiving some of the benefits of the agreement, has advised the Plaintiff that it would not be bound by the contract and would not be sharing any commissions with the Plaintiff.

**WHEREFORE,** Plaintiff requests this Honorable Court enter judgment for the Plaintiff and against the Defendants and award Plaintiff the monies he lost plus costs, punitive damages, interest and attorney fees and grant such other further relief as this Honorable Court deems just.

**COUNT III**
**DECLARATORY JUDGMENT**

20. Plaintiff realleges and incorporates Paragraphs 1 through 19 of this Complaint and make the same a part hereof.

21. Plaintiff entered into a contract with a representative of the Defendant requiring a commission sharing of all future commissions earned from "clients currently serviced by " the Plaintiff.

22. Defendant, in writing, has indicated that the contract is invalid and that they are not bound by the terms and conditions of the contract.

23. Defendant has advised the Plaintiff they will not share any commissions with the Plaintiff.

**WHEREFORE**, Plaintiffs pray that this Honorable Court enter Declaratory Judgment as follows:

A. That the Defendant is bound by the terms and conditions of the contract signed on the 15th day of March 2007, entitled "Commission Sharing Agreement".

B. That in accordance with the terms of the contract, the Defendant shall pay to the Plaintiff the commissions earned under the terms and conditions of the "Commission Sharing Agreement".

**PLAINTIFF REQUESTS TRIAL BY JURY**

Respectfully submitted,
Plaintiff,
Raymond S. Kagels.
By his attorneys,

Andrew J. McKay #5395
KENYON LAW ASSOCIATES, LLP
133 Tower Hill Rd., Suite 1
Wakefield, RI 02879
(401) 789 – 0217
(401) 789 – 3584 (fax)
Email: ajm@kenyonlawyers.com

CORPORATION SERVICE COMPANY®

AP1 / ALL
Transmittal Number: 5116405
Date Processed: 04/26/2007

# Notice of Service of Process

**Primary Contact:** Michael Shook
Cambridge Integrated Services Group Inc.
9450 W Bryn Mawr
Suite 500
Rosemont, IL 60018

| | |
|---|---|
| **Entity:** | Cambridge Galaher Settlements and Insurance Services, Inc.<br>Entity ID Number 2146506 |
| **Entity Served:** | Cambridge Galaher Settlements & Insurance Services, Inc. |
| **Title of Action:** | Raymond S. Kagels vs. Cambridge Galaher Settlements & Insurance Services, Inc. |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court:** | Washington Superior Court, Rhode Island |
| **Case Number:** | WC07-0249 |
| **Jurisdiction Served:** | Rhode Island |
| **Date Served on CSC:** | 04/25/2007 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Plaintiff's Attorney:** | Andrew J. McKay<br>401-789-0217 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road Wilmington, DE 19808 (888) 690-2882 | sop@cscinfo.com

# State of Rhode Island and Providence Plantations

## SUPERIOR COURT

[ ] PROVIDENCE/BRISTOL [ ] KENT [x] WASHINGTON [ ] NEWPORT

CIVIL ACTION. FILE No
WC07-0249

Raymond S. Kagels
**Plaintiff**

Cambridge Galaher Settlements & Insurance Services, Inc.
**Defendant**

## *Summons*

AFS CSC

*To the above-named Defendant:* Cambridge Galaher Settlements & Insurance Services, Inc.

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon Andrew J. McKay, Esquire Plaintiff's attorney, whose address is Kenyon Law Associates, LLP, 133 Old Tower Hill Road, Suite 1, Wakefield, RI 02879 an answer to the complaint which is herewith served upon you within 20 days after service of this summons upon you,exclusive of the day of service.

If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

A true copy attest

[signature] #6070

[signature]
CLERK

Dated:

Agent For Service
Corp. Service Co.

(Seal of the Superior Court) Date 4/25/07

# State of Rhode Island and Providence Plantations

..............................................,SC

## PROOF OF SERVICE

I hereby certify that on the .......................................... day of .................................................... I served a copy of this summons and a copy of the complaint received therewith upon ..............................................................................................................................................................................................................................................
in the following manner:

By delivering a copy of the summons and complaint to him/her personally.

By leaving a copy of the summons and complaint at his/her dwelling house.................................................................................................................................................................. (Address), with a person of suitable age and discretion then residing therein.

By leaving a copy of the summons and complaint at his/her usual place of abode, ................................................................................................................................................................................, with a person of suitable age and discretion then residing therein.

By delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process, namely ..........................................................................................................

such agent being one designated by statute to receive service, further notice as the statute requires was given as follows:

..........................................................................................................................................

..........................................................................................................................................

..........................................................................................................................................

Sheriff's Fees

Travel ........................ $..........................

Service ........................ $..........................

$..........................

..................................................................
Deputy Sheriff

CIVIL ACTION

FILE NO. ..........WC07-0249..........

SUMMONS

SUPERIOR COURT

Raymond S. Kagels

VS

Cambridge Galaher Settlements & Insurance Services, Inc.

Andrew J. McKay
ATTORNEY FOR PLAINTIFF

Kenyon Law Associates, LLP
133 Old Tower Hill Rd.
Suite 1
Wakefield, RI 02879
(401) 789-0217

NOTE: Returnable to Plaintiff's Attorney forthwith after service. Proof of service to be filed within time during which the person served must respond.