**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| RAYMOND S. KAGELS,<br><br>Plaintiff,<br><br>v.<br><br>CAMBRIDGE GALAHER SETTLEMENTS & INSURANCE SERVICES, INC.,<br><br>Defendant. | Civil Action No. CA-168-ML |

**ANSWER AND COUNTERCLAIMS OF DEFENDANT CAMBRIDGE GALAHER SETTLEMENTS & INSURANCE SERVICES, INC.**

Defendant Cambridge Galaher Settlements & Insurance Services, Inc. ("Defendant" or "Cambridge") hereby answers the Complaint of Plaintiff Raymond S. Kagels ("Plaintiff") in accordance with its numbered paragraphs as follows:

## A. NATURE OF THE ACTION

1. Defendant admits that Plaintiff has filed a complaint with the allegations set forth therein; however, Defendant denies the remaining allegations set forth in Paragraph 1 of the Complaint.

2. Defendant admits that Plaintiff seeks the relief stated in the Complaint; however, Defendant denies the Plaintiff is entitled to such relief or to any other relief whatsoever.

## B. PARTIES

3. Defendant admits the allegations set forth in paragraph 3 of the Complaint.

4. Defendant admits the allegations set forth in paragraph 4 of the Complaint.

## C. JURISDICTION AND VENUE

5. Defendant admits that the amount in controversy is in excess of Five Thousand Dollars and that jurisdiction and venue are proper in the United States District Court for the District of Rhode Island.

## D. FACTS

6. Defendant admits that Plaintiff was employed by Defendant, that his employment relationship ended, and that unsuccessful negotiations regarding a potential independent contractor relationship occurred; however, Defendant denies the remaining allegations set forth in Paragraph 6 of the Complaint.

7. Defendant admits that unsuccessful negotiation regarding a potential independent contractor relationship occurred; however, it denies the remaining allegations set forth in Paragraph 7 of the Complaint.

8. Defendant denies the allegations set forth in Paragraph 8 of the Complaint.

9. Defendant admits that a document entitled Commission Sharing Agreement was signed by Plaintiff and Elsa Vernon in the State of Rhode Island on March 15, 2007; however, it denies the remaining allegations set forth in Paragraph 9 of the Complaint.

10. Defendant admits that the document entitled Commission Sharing Agreement calls for payments to be made to Mr. Kagels; however, it denies the remaining allegations set forth in Paragraph 10 of the Complaint.

11. Defendant admits that a letter dated April 6, 2007 was sent to Plaintiff by its counsel, however, Defendant is without information sufficient to form a belief as to

the truth of the remaining allegations contained in paragraph 11 of the Complaint and therefore denies same.

**COUNT I**
**BREACH OF CONTRACT**

12. Defendant repeats and incorporates by reference its responses to paragraphs 1 through 11 of the Complaint as though fully set forth herein.

13. Defendant denies the allegations contained in paragraph 13 of the Complaint.

14. Defendant admits to requesting that Plaintiff sign a document to rescind the document entitled Commission Sharing Agreement; however, it denies the remaining allegations set forth in Paragraph 14 of the Complaint. Further, with respect to Plaintiff's prayer for relief on this Count, Defendant denies the Plaintiff is entitled to such relief or to any other relief whatsoever.

**COUNT II**
**UNJUST ENRICHMENT**

15. Defendant repeats and incorporates by reference its responses to paragraphs 1 through 14 of the Complaint as though fully set forth herein.

16. Defendant denies the allegations contained in paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in paragraph 18 of the Complaint.

19. Defendant admits that it is not bound by the document entitled Commission Sharing Agreement and that it will not pay commissions to Plaintiff based upon that document; however, Defendant denies the remaining allegations set forth in Paragraph 19 of the Complaint. Further, with respect to Plaintiff's prayer for relief on this Count, Defendant denies the Plaintiff is entitled to such relief or to any other relief whatsoever.

**COUNT III**
**DECLARATORY JUDGMENT**

20. Defendant repeats and incorporates by reference its responses to paragraphs 1 through 19 of the Complaint as though fully set forth herein.

21. Defendant denies the allegations set forth in Paragraph 21 of the Complaint.

22. Defendant admits that it has indicated that the document entitled Commission Sharing Agreement is invalid and that it is not bound by the terms and conditions of that document.

23. Defendant admits the allegations set forth in Paragraph 23 of the Complaint. Further, with respect to Plaintiff's prayer for relief on this Count, Defendant denies the Plaintiff is entitled to such relief or to any other relief whatsoever.

24. Defendant denies each and every allegation set forth in the Complaint, which is not specifically admitted herein as true.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint, in whole or in part, fails to state a claim on which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

To the extent Plaintiff's claims are based on alleged actions that occurred outside the applicable statutes of limitation, such claims are barred.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by his failure to exercise reasonable diligence to avoid harm.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because he failed to exercise reasonable diligence in mitigating his alleged damages.

### FIFTH AFFIRMATIVE DEFENSE

Any and all actions Defendant took with respect to Plaintiff were taken for legitimate reasons and in good faith.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to the extent Plaintiff's claims are barred, either whole or in part, by the doctrines of waiver, laches and/or estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

If Plaintiff suffered injuries or damages as alleged, which Defendant denies, his claims to relief are barred because such damages are the result of Plaintiff's own conduct.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's request for punitive or exemplary damages fails because such damages are not available for the claims made and/or Defendant did not act with malice or reckless indifference with respect to Plaintiff.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claim fails in whole or in part because it is not based upon a contract to which the Defendant is a party.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claim fails in whole or in part because there was no consideration for the alleged contract.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claim fails in whole or in part because he has failed to join one or more necessary parties.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's claim fails in whole or in part because the document alleged to be a contract was executed as a result of mistake and/or Plaintiff's bad faith or misrepresentations.

Defendant reserves the right subsequently to assert other defense of which they may become aware during the course of this proceeding.

WHEREFORE, Defendant demands judgment dismissing the Complaint with prejudice, together with the costs and disbursements of this action, reasonable attorneys' fees and such other and further relief as the Court deems just and proper.

## COUNTERCLAIMS

### A. NATURE OF THE ACTION

1. Defendant brings this counterclaim alleging breach of duty of loyalty and tortious interference against Plaintiff Raymond Kagels.

2. Defendant seeks damages, punitive damages, costs, interest, attorney's fees, injunctive relief and such further relief as the Court deems just.

### B. PARTIES

3. Plaintiff is a resident of Washington County, Rhode Island who was employed as a vice president by Cambridge through March 15, 2007.

4. Defendant is a California corporation with its principal place of business in Greenwich, Connecticut.

### C. JURISDICTION AND VENUE

5. This Court has diversity jurisdiction over the Complaint and Counterclaims pursuant to 28 U.S.C. §1332 because the parties are citizens of different states and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

6. Venue for this action is proper in the United States District Court for the District of Rhode Island.

## D. FACTS

7. While employed by Defendant, the Plaintiff owed to Cambridge a duty of loyalty and fidelity, requiring him to act in the utmost good faith and with loyalty to Defendant during his employment.

8. While employed by Defendant, Plaintiff acted on his on behalf and contrary to the interests of Cambridge in his dealings with fellow employee Elsa Vernon.

9. Plaintiff informed Ms. Vernon that he had been given permission to work out an arrangement with the broker of his choice on an arrangement to share future commissions.

10. Plaintiff informed Ms. Vernon that their communications were to remain completely confidential.

11. Plaintiff informed Ms. Vernon that he had informed the Company about what was going on with his proposal to share future commissions with her.

12. Plaintiff's statements to Ms. Vernon outlined in Paragraphs 9, 10, and 11, either not truthful or deliberately misleading.

13. While still employed by Defendant, Plaintiff improperly induced Ms. Vernon to sign a document entitled Commission Sharing Agreement, a copy of which is attached hereto as Exhibit A.

14. Defendant is not a party to the document entitled Commission Sharing Agreement.

15. While still employed by Defendant, Plaintiff acted in his own interest rather than in the interests of Cambridge in proposing and signing the document entitled Commission Sharing Agreement.

16. While still employed by Defendant, Plaintiff acted in his own interest rather than in the interests of Cambridge in introducing Ms. Vernon to clients for the purpose of securing benefit to himself under the document entitled Commission Sharing Agreement.

17. The clients to whom Plaintiff introduced Ms. Vernon were clients of Defendant.

18. Plaintiff's relationships with these clients were developed during his more than twenty years of employment with Cambridge and its predecessors.

19. Upon termination of Plaintiff's employment relationship with Defendant, Plaintiff retained copies of case files and other documents related to his employment with Defendant.

20. The documents which relate to Plaintiff's work for the Defendant are the property of the Defendant.

**COUNT I**

**BREACH OF DUTY OF LOYALTY**

21. Defendant realleges and incorporates by reference Paragraphs 1 through 18 of this Counterclaim.

22. Plaintiff breached his duties to the Defendant when he failed to act in the best interests of his employer Cambridge.

23. Plaintiff breached his duties to the Defendant when he acted in an attempt to secure the benefits to himself outlined in the document entitled Commission Sharing Agreement while employed by Cambridge.

24. Plaintiff acted with actual malice, insult, or fraud.

25. As a result of Plaintiff's wrongful breach of his duty of loyalty to Defendant, Cambridge has suffered damages.

**COUNT II**

**TORTIOUS INTERFERENCE WITH CONTRACT AND BUSINESS RELATIONSHIPS**

26. Defendant incorporates Paragraphs 1 through 23 as though fully set forth herein as Paragraph 24.

27. Plaintiff intentionally sought to contractually bind Ms. Vernon to act in a manner inconsistent with her obligations to her Employer, the Defendant, which obligations are contractual in nature.

28. Plaintiff intentionally interfered with Defendant's business relationship with Ms. Vernon by attempting to bind her to the terms of the Commission Sharing Agreement.

29. Plaintiff intentionally interfered with the employment and contractual obligations of Ms. Vernon with Defendant without Plaintiff having the privilege to do so and with knowledge of Ms. Vernon's obligations to Cambridge.

30. Plaintiff intentionally interfered with Defendant's contractual and business relationships with clients by acting in furtherance of the document entitled Commission Sharing Agreement, without Plaintiff having the privilege to do so and with knowledge of the clients' relationships with Cambridge.

31. Defendant acted with actual malice, insult, or fraud.

32. As a result of the tortious and wrongful interference by Plaintiff with Cambridge's contractual and business relationships, Defendant has suffered damages.

**COUNT III**

**CONVERSION**

33. Defendant incorporates Paragraphs 1 through 31 as though fully set forth herein as Paragraph 32.

34. Plaintiff maintains possession or control of copies of case files and other documents related to his employment with Defendant, which are the property of the Defendant.

35. By taking and keeping such property, Plaintiff has wrongfully deprived Defendant of its ownership rights in such property and wrongfully converted it to his own use.

36. Plaintiff acted in this regard with actual malice, insult, or fraud.

37. As a result of Plaintiff's conversion of its property, Defendant has suffered damages.

WHEREFORE, Defendant Cambridge respectfully requests that the Court enter judgment against the Plaintiff for breach of duty and for tortuous interference and:

A. Restrain and enjoin Plaintiff from interfering with Cambridge's contracts and business relationships with Ms. Vernon and its clients;

B. Compel Plaintiff to deliver to Defendant all items, documents, files, records, correspondence, computer disks, notes or other papers (including copies) relating to the business of Plaintiff and, after full disclosure of such information, to purge any computer memories and other electronic files or data compilations of all memory relating to the business of Defendant; and, to return any converted property;

C. Award damages exceeding $75,000.00 and such other relief to Defendant from Plaintiff as Cambridge requests and the Court deems appropriate and just, including but not limited to punitive damages, attorneys' fees, costs, and interest.

Respectfully submitted,

**CAMBRIDGE GALAHER SETTLEMENTS & INSURANCE SERVICES, INC.**

By its Counsel,

/s/ George P. Kostakos
George P. Kostakos (R.I. Bar. No. 6971)
Littler Mendelson, P.C.
Ten Weybosset Street
Providence, RI 02903
(401) 454-2910 (tel)
(401) 454-2969 (fax)
gkostakos@littler.com

Dated: May 21, 2007

**CERTIFICATE OF SERVICE**

I, George P. Kostakos, hereby certify that on this 21st day of May 2007, the foregoing Answer and Counterclaims was filed electronically through the ECF system, is available for viewing and downloading from the ECF system, and will be sent electronically to counsel of record as registered participants identified on the Notice of Electronic Filing and via first class mail to all non-registered participants identified on the Notice of Electronic Filing.

/s/ George P. Kostakos
George P. Kostakos

Firmwide:82490302.1 047638.1005