**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

RAYMOND S. KAGELS,

Plaintiff,

v.

CAMBRIDGE GALAHER SETTLEMENTS & INSURANCE SERVICES, INC.,

Defendant.

Civil Action No. 07-168-ML

**DEFENDANT'S RULE 16 PRETRIAL CONFERENCE STATEMENT OF CLAIM**

Defendant Cambridge Galaher Settlements & Insurance Services, Inc. ("the Company" or "Cambridge") has asserted a counterclaim against Plaintiff Raymond S. Kagels ("Plaintiff" or "Kagels"), and pursuant to the Notice of pretrial conference submits this summary of the legal and fact issues which may arise in this case.[1]

**A. Summary of Facts**

Cambridge is in the business of providing structured settlement services. Plaintiff was employed by the Company from November of 1984 until March 15, 2007. Plaintiff's position within the Company is variously referred to as broker, producer and vice president. In his position, he was responsible for marketing and sales of the Company's products. As a result of his efforts on behalf of the Company, Plaintiff developed relationships with customers and referral sources at the Company's expense.

At a broker meeting in January 2007, Cambridge discussed the possibility of adding brokers on an independent contractor basis and transitioning employee brokers to

[1] The Company intends this brief summary to satisfy the Court's request, but reserves the right to assert all defenses, claims, and theories available to it consistent with the concept of notice pleading.

independent contractor status, if the employees were interested in the change. Plaintiff expressed an interest in becoming an independent contractor, and ending his employment relationship with the Company. In February 2007, the Company provided Kagels with an independent contractor agreement and Plaintiff began to negotiate over the language. The negotiations over the independent contractor agreement ended on March 14, 2007.

On March 13, 2007, while still employed and while purporting to work with the Company to reach an agreement on an independent contractor arrangement, Kagels was also pursuing a separate arrangement with a fellow employee, Elsa Vernon. In dealings with Ms. Vernon, Plaintiff told her not to let others know about their discussions and informed her that he had been given permission from the Company to work out a commission sharing arrangement with another broker. Kagels' self-serving communications created the impression that the Company had approved the Commission Sharing Agreement document that he drafted, when, in fact, the document was unacceptable to the Company.

The document entitled Commission Sharing Agreement was signed by Plaintiff and Elsa Vernon on March 15, 2007. Plaintiff's last day as an employee of Cambridge was March 15, 2007.

**B. Summary of Plaintiff's Claims**

Plaintiff has filed a complaint alleging breach of contract and unjust enrichment, and seeking a declaratory judgment that the Company is bound by the Commission Sharing Agreement signed by Kagels and Elsa Vernon.

All of Plaintiff's claims fail because there is no relevant contract to which the Defendant is a party. That Cambridge is not a party to the alleged agreement is obvious.

The document begins, "[t]his Agreement is made between **Elsa A. Vernon** of Cambridge Galaher Settlements & Insurance Services, Incorporated, hereinafter referred to as "CAMBRIDGE GALAHER," and **Raymond S. Kagels** of CAMBRIDGE GALAHER this 15th day of March 2007." (emphasis in original). While the purported agreement refers at the outset to the Company, it is signed only by Ms. Vernon and Mr. Kagels. Neither Ms. Vernon nor, for that matter Mr. Kagels, had authority to bind the Company. Additional defenses to the enforcement of the alleged agreement include lack of consideration, and the mistake or misrepresentations that led to its signing.

**C. Defendant's Counterclaims**

The Company has filed three counterclaims, alleging breach of the duty of loyalty, tortious interference, and conversion. While employed by Defendant, Plaintiff owed a duty of loyalty to Cambridge. Rego Displays, Inc. v. Fournier, 119 R.I. 469, 474-75; 379 A.2d 1098 (1977)("The defendant, as employee, owed a duty of loyalty to his employer"). Plaintiff violated this duty by: (1) improperly induced Ms. Vernon to sign the Commission Sharing Agreement; (2) informing Ms. Vernon that he had been given permission to work out an arrangement with her to share future commissions; (3) instructing Ms. Vernon that their communications were to remain completely confidential; and, (4) engaging in other activities for his own benefit, rather than the benefit of the Company. Because Plaintiff's actions involved Ms. Vernon and purport to bind her to take business actions contrary to the wishes of the Company, he has tortiously interfered with her employment contract.

Defendant's conversion claim is based upon evidence that Plaintiff retained copies of case files and other documents that are the property of Cambridge following the termination of his employment.

Respectfully submitted,

**CAMBRIDGE GALAHER SETTLEMENTS & INSURANCE SERVICES, INC.,**

By its Counsel,

/s/ George P. Kostakos

George P. Kostakos (R.I. Bar. No. 6971)
Littler Mendelson, P.C.
Ten Weybosset Street
Providence, RI 02903
(401) 454-2910
(401) 454-2969 (fax)

Daniel W. Srsic
Littler Mendelson, P.C.
21 East State Street, Suite 1600
Columbus, Ohio 43215
(614) 463-4213
(614)573-9812 (fax)
dsrsic@littler.com

July 20, 2007

**CERTIFICATE OF SERVICE**

I, George P. Kostakos, hereby certify that on this 20th day of July 2007, the foregoing Defendant's Pretrial Conference Statement of Claim was filed electronically through the ECF system, is available for viewing and downloading from the ECF system, and will be sent electronically to counsel of record as registered participants identified on the Notice of Electronic Filing and via first class mail to all non-registered participants identified on the Notice of Electronic Filing.

/s/ George P. Kostakos
George P. Kostakos

Firmwide:82810301.1 047638.1017