**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| RAYMOND S. KAGELS,<br><br>Plaintiff,<br><br>v.<br><br>CAMBRIDGE GALAHER SETTLEMENTS & INSURANCE SERVICES, INC.,<br><br>Defendant. | Civil Action No. CA-168-ML |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO MODIFY SCHEDULING ORDER**

Defendant Cambridge Galaher Settlements, Inc. (the "Company" or "Defendant") submits this Opposition to the motion of Plaintiff Raymond S. Kagels ("Plaintiff") to modify the scheduling order in this case. In support of its opposition to Plaintiff's motion,[1] Defendant states as follows:

In his motion, Plaintiff requests another extension of dates for completion of discovery and the filing of dispositive motions in this case so that he can complete necessary discovery and prepare motions to address discovery issues that exist between the parties. Defendant objects to the motion, and respectfully requests that the Court deny Plaintiff the relief requested because Plaintiff has had ample opportunity to obtain the discovery he seeks, and to address any issues between the parties regarding these issues. Plaintiff failed, however, to timely pursue depositions, or to adequately or timely raise his concerns regarding discovery issues. Moreover,

[1] Defendant states, as a threshold matter, that Plaintiff failed to confer with Defendant in accordance with Rule 26 of the Federal Rules of Civil Procedure prior to filing his motion.

Plaintiff has failed in his motion to demonstrate good cause for the requested extension, other than his need for the additional time.

In his motion at paragraphs 1 and 2, Plaintiff bases his request for additional time in part upon the need to move to compel the depositions of certain witnesses that work for Defendant, and that work and reside out-of-state. In particular, Plaintiff noticed the deposition of David Hays, a resident of Atlanta, Georgia, and indicated to Defendant that he intended to issue notices for the depositions of Dennis Drexler (who works and resides in Chicago, Illinois), and Elsa Vernon (Lorain, Ohio).[2] Because the place of business for each witness is out-of-state, Defendant opposes any effort by Plaintiff to compel the production of these witnesses.[3]

In addition, Plaintiff has known since the early stages in this case that Defendant disagreed with Plaintiff that the witnesses were required to appear in Rhode Island, and that Defendant would oppose any effort by Plaintiff to compel their attendance here.[4] Plaintiff has stated that he would file a motion to compel the witnesses' appearance, but failed to do so prior to the close of discovery. Ayala-Gerena v. Bristol Myers-Squibb Co., 95 F.3d 86, 94 (1st Cir. 1996) (District Court justified in denying motion to compel brought one month after discovery deadline as untimely); see also Packman v. Chicago Tribune Co., 267 F.3d 628 (7th Cir. 2001). For these reasons, the Court should deny Plaintiff's motion for additional time.

---

[2] Plaintiff has not issued notices of deposition for Mr. Drexler or Ms. Vernon.

[3] As Defendant will state in greater detail in opposition to any motion to compel these witnesses to appear in Rhode Island, a strong presumption exists that the deposition of a defendant to an action should be taken at the principal place of business or employment of the witness. See Fortune Management Inc. v. Bly, 118 F.R.D. 21 (D. Mass. 1987); Pinkham v. Paul, 91 F.R.D. 613, 615 (citing 4 Moore's Federal Practice s 26.70(1-3), at 26-514); Horenstein v. Gulf Oil Corp., 20 F.R.Serv.2d 1258, 1261 (D.Mass. 1975); Morin v. Nationwide Federal Credit Union, 229 F.R.D. 362, 363 (D. Conn. 2005); Dwelly v. Yamaha Motor Corp., USA, 214 F.R.D. 537, 541-42 (D. Minn. 2003). Plaintiff has not met his burden of demonstrating special circumstances to overcome presumption. Plaintiff has not offered a reason for insisting that the depositions take place in Rhode Island. Defendant can only presume that Plaintiff seeks to save the expense of travel, and to place that burden on Defendant. In addition, Plaintiff has not identified any legal or practical impediment to his taking the depositions of Hays in Atlanta (or Drexler in Chicago, and Vernon in Lorain, Ohio).

Plaintiff also bases his request for additional time on Defendant's production of documents on July 1, 2008, and his need to move to compel the production of additional documents. Any delay in the production of documents, however, resulted from Plaintiff's failure to agree to the form of a confidentiality order. Moreover, Defendant has responded to Plaintiff's document requests, and anticipates cooperating with Plaintiff to the extent possible to resolve any legitimate objections raised to these requests. That said, the parties can resolve these issues without further extension of the discovery deadline in this case.

For these reasons, Defendant respectfully requests that this Court deny Plaintiff's motion to modify the scheduling order in this case.

Respectfully submitted,

**CAMBRIDGE GALAHER SETTLEMENTS & INSURANCE SERVICES, INC.,**

By its attorneys,

/s/ George P. Kostakos
George P. Kostakos (6971)
Littler Mendelson, P.C.
10 Weybosset Street, Suite 404
Providence, RI 02903
401-824-2111 (t)
401-454-2969 (f)
gkostakos@littler.com

Daniel W. Srsic
Littler Mendelson, P.C.
21 East State Street, Suite 1600
Columbus, Ohio 43215
(614) 463-4213
(614)573-9812 (fax)
dsrsic@littler.com

Dated: July 21, 2008

---

[4] Defendant advised Plaintiff in writing on June 17, 2008 of its objection to producing these witnesses in Rhode Island. See attached Exhibit A. Further, counsel for Defendant advised counsel for Plaintiff weeks in advance of that letter of Defendant's position with respect to this issue.

**CERTIFICATE OF SERVICE**

I, George P. Kostakos, hereby certify that on this 21st day of July 2008, the foregoing **Defendant's Opposition To Plaintiff's Motion to Modify Scheduling Order** was filed electronically through the ECF system, is available for viewing and downloading from the ECF system, and will be sent electronically to counsel of record as registered participants identified on the Notice of Electronic Filing and via first class mail to all non-registered participants identified on the Notice of Electronic Filing.

/s/ George P. Kostakos
George P. Kostakos