**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| RAYMOND S. KAGELS,<br><br>Plaintiff,<br><br>v.<br><br>CAMBRIDGE GALAHER SETTLEMENTS & INSURANCE SERVICES, INC.,<br><br>Defendant. | Civil Action No. 1:07-00168-ML-LDA |

**DEFENDANT'S OPPOSITION TO MOTION TO COMPEL DEPOSITIONS AND MEMORANDUM IN SUPPORT OF COUNTER MOTION FOR PROTECTIVE ORDER**

Defendant Cambridge Galaher Settlements, Inc. (the "Company" or "Defendant") submits this memorandum in opposition to the motion of Plaintiff Raymond S. Kagels ("Kagels" or "Plaintiff")**,** to compel the depositions of David Hays, Dennis Drexler and Elsa Vernon in Rhode Island. In addition, Pursuant to Rule 26(c)(2) of the Federal Rules of Civil Procedure, Defendant respectfully requests that this Court enter a protective order requiring that any deposition of the aforementioned witnesses take place where each witness works and resides. In support of its opposition to Plaintiff's motion, and Defendant's motion for protective order, Defendant states as follows:

**BACKGROUND FACTS**

Plaintiff, Raymond S. Kagels ("Kagels" or "Plaintiff"), a resident of Rhode Island, voluntarily terminated his employment with Defendant, on March 14, 2007. (See Plaintiff's Complaint at paragraphs 6 – 9). Defendant is not a resident of Rhode Island. (See Plaintiff's Complaint at paragraph 2).

On or about June 2, 2008, Plaintiff served a Notice of Deposition for David Hays, an Executive Vice President and Chief Operating Officer of the Company. See Deposition Notice attached as Exhibit A. Plaintiff noticed Mr. Hays' deposition to take place at his counsel's office in Wakefield, Rhode Island on June 17, 2008. At this current time (and during the time relevant to the matters in this lawsuit), Mr. Hays works in the Company's offices located in Atlanta, Georgia. Despite the fact that neither the Company nor Mr. Hays is a resident of Rhode Island, Plaintiff has insisted that Mr. Hays' deposition take place at the office of Plaintiff's counsel in Wakefield, Rhode Island and has failed to state why he cannot take this deposition in Atlanta.

Plaintiff has also stated that he similarly seeks to take the depositions of Dennis Drexler, the Company's President, and Elsa Vernon, an Assistant Vice President of the Company, in Rhode Island. Like Mr. Hays, Mr. Drexler and Ms. Vernon work and reside out-of-state – Mr. Drexler works and resides in Chicago, Illinois and Ms. Vernon lives and works Lorain, Ohio.

Defendant respectfully requests that the Court deny Plaintiff's motion to compel the depositions of Mr. Hays, Mr. Drexler and Ms. Vernon in Rhode Island and, in turn, issue an order protecting Mr. Hays, Mr. Drexler and Ms. Vernon from such undue burden. Moreover, Defendant respectfully requests that this Court order that the depositions occur at the place of business or employment for each of the witnesses.

## LEGAL ARGUMENT

### A. Standard For Protective Order

Courts have broad authority to limit discovery to avoid accumulation, duplication, expense and undue burden. Fed. R. Civ. P. 26(b)(2). Fed. R. Civ. P. 26(c) allows a court to issue a protective order to prevent or alter the terms of a deposition:

> **(c) Protective Orders.** Upon motion by a party **…** , and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> (1) that the disclosure or discovery not be had;
>
> (2) that the disclosure of discovery may be had only on specified terms and conditions, including a designation of the time or place;
>
> (3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery;….

Fed. R. Civ. P. 26(c)(1)-(3).

### B. Depositions of Defendant's Witnesses Should be Taken at the Witnesses' Place of Business or Employment

The resolution of any dispute over the location of a deposition is left to the sound discretion of the Court. See Philadelphia Indem. Ins. Co. v. Federal Ins. Co., 215 F.R.D. 492, 495 (E.D. Pa. 2003). A strong presumption exists that the deposition of a defendant to an action should be taken at the residence or principal place of business or employment of the witness. See Fortune Management, Inc. v. Bly, 118 F.R.D. 21, 22 (D. Mass. 1987); Pinkham v. Paul, 91 F.R.D. 613, 615 (citing 4 Moore's Federal Practice s 26.70(1-3), at 26-514) (While the court may order a defendant to appear at any convenient place, case law indicates that "it will be presumed that the defendant will be examined at his

residence or place of business or employment."); Horenstein v. Gulf Oil Corp., 1975 U.S. Dist. LEXIS 16783, *9 (D.Mass. 1975); Morin v. Nationwide Federal Credit Union, 229 F.R.D. 362, 363 (D.Conn. 2005) (granting protective order requiring plaintiffs to depose witness in Columbus, Ohio rather than in Connecticut, where case was pending); Dwelly v. Yamaha Motor Corp., USA, 214 F.R.D. 537, 541-42 (D. Minn. 2003) (requiring plaintiff to depose defendant's witness at defendant's headquarters in Japan where defendant stipulated to applicability of Federal Rules to deposition); Phila. Indem. Ins. Co., 215 F.R.D. at 495 (granting protective order requiring depositions of defendant's witnesses in California, rather than Pennsylvania, where case was pending). See also Dunn v. Standard Fire Ins. Co., 92 F.R.D. 31, 32 (D. Tenn. 1981); Zuckert v. Berkliff Corp., 96 F.R.D. 161, 162 (N.D. Ill. 1982) (same); Simkins Corp. v. Wahnschaff Corp., 1986 WL 1551, *3 (E.D. Pa., Jan. 31, 1986) ("It is presumed that a defendant will be examined at . . . his place of business or employment.") (internal citations omitted). This is "particularly so where the corporation is a defendant." Zuckert, 96 F.R.D. at 162 (citing Salter v. Upjohn Co., 593 F.2d 649 (5th Cir. 1979)).

This presumption derives from the concept that it is the plaintiff who brings the lawsuit and who exercises the first choice as to the forum. See Sampathachar v. Federal Kemper Life Assurance Co., 2004 U. S. Dist. LEXIS 23978, *5 (E.D. Pa., Nov. 24, 2004) ("A defendant neither chooses the cause of action nor the place of its bringing.") (internal citations omitted). Courts have held that this presumption satisfies the requirement of "good cause" for the entry of a protective order. See Morin, 229 F.R.D. at 363 (presumption that deposition should take place at corporation's principal place of business establishes "good cause" for protective order under Fed. R. Civ. P. 26(c));

Chris-Craft Indus. Products, Inc. v. Kuraray Co., 184 F.R.D. 605, 607 (N.D. Ill. 1999) (purposes underlying general rule that depositions should take place at corporation's principal place of business create presumption that corporation has good cause for protective order).

Consequently, courts have held that the burden is on the *plaintiff* to demonstrate special circumstances to overcome this presumption. See Morin, 229 F.R.D. at 363; Work v. Bier, 107 F.R.D. 789, 793 n.4 (D.D.C. 1985) (plaintiffs brought suit and cannot complain if forced to travel to take discovery); Sampathachar, 2004 U. S. Dist. LEXIS 23978, *5 (explaining that defendant does not select the location of the cause of action); Simkins Corp., 1986 WL 1551 at *3; see also Philadelphia Indem. Ins. Co., 215 F.R.D. at 495 ); Zuckert, 96 F.R.D. at 162 ("If a corporation objects to depositions at a location other than its principal place of business, the objection should be sustained unless there are unusual circumstances which justify such an inconvenience to the corporation.") (quoting Grey v. Continental Mkt'g Assoc., 315 F. Supp. 826, 832 (N.D. Ga. 1970)).[1] The burden, therefore, rests with Kagels to demonstrate unusual circumstances compelling the Court to order the deposition at a location other than the place of business or employment of Mr. Hays (or Mr. Drexler and Ms. Vernon). See Morin, 229 F.R.D. at 363; Simkins, 1986 WL 1551 at *1. Plaintiff is unable to meet his burden.

In the present case, neither the Defendant nor its employees that Plaintiff seeks to depose (Mr. Hays, Mr. Drexler, Ms. Vernon) are residents of Rhode Island. Yet, Plaintiff has not offered a compelling reason for insisting that the depositions take place in Rhode Island. Plaintiff simply offers, without any explanation, that he does not have the

[1] In addition, the Rhode Island Supreme Court has clearly stated that a non-resident defendant cannot be required to travel to Rhode Island to sit for a deposition if he is sued in this state. Ciunci, Inc. v Logan, 652 A.2d 961 (R.I. 1995).

resources to take these depositions out-of-state, and that he should not suffer this burden. *Plaintiff's Motion*, ¶2. Instead, Plaintiff asks the court to place this burden on Defendant. A claim of financial hardship alone, however, does not constitute sufficient peculiar or exceptional circumstances to countervail the place of business or employment presumption. See Clairmont v. Genuity, Inc., 2004 WL 2287781, * 1 (W.D. Wash., Mar. 26, 2004); Farquhar v. Shelden, 116 F.R.D. 70, 72 (E.D. Mich. 1987); Gen. Leasing Co. v. Lawrence Photo-Graphic Supply, Inc., 84 F.R.D. 130, 131 (W.D. Mo. 1979). Instead, Plaintiff must offer additional grounds justifying this departure from the norm. Id. Plaintiff fails to offer any additional grounds.

Further, where there is no impediment to taking the deposition where the witness lives and works, but rather the only burden is that to be incurred by the plaintiff in traveling to another state, a protective order is appropriate to avoid the witness incurring oppression or an undue burden. Morin, 229 F.R.D. at 363; Dwelly, 214 F.R.D. at 541-42; Phila. Indem. Ins. Co., 215 F.R.D. at 495. In addition, Plaintiff has not identified any legal or practical impediment to his taking the depositions of Mr. Hays in Atlanta (or Mr. Drexler in Chicago, and Ms. Vernon in Lorain, Ohio).

Conversely, several compelling reasons exist that justify the issuance of a protective order regarding these depositions.[2] Each of these individuals is an important Company employee with critical managerial responsibilities, working full-time, demanding schedules. Asking these employees to give even a few days to travel a significant distance would cause extensive disruption to the Company's day-to-day business operations. Preventing the undue burden such disruption would cause, coupled

---

[2] It is also worth noting that discovery in this matter formally closed on August 25, 2008. Plaintiff waited to file his motion until August 13, 2008, though he was aware of Defendant's position regarding these depositions no later than June 17, 2008.

with the presumption that the depositions take place at the witnesses' place of business, constitute more than sufficient grounds for a protective order to issue. See Fed. R. Civ. P. 26(c); see Morin, 229 F.R.D. at 363; Chris-Craft, 184 F.R.D. at 607.

For these reasons, Defendant respectfully requests that this Court grant Defendant's motion for a protective order requiring Plaintiff to take the depositions of Mr. Hays, Mr. Drexler and Ms. Vernon in Atlanta, Georgia, Chicago, Illinois, and Lorain, Ohio, respectively. In addition, Defendant requests that this Court award reasonable attorneys' fees and costs to Defendant for the time and effort spent filing this motion.

Respectfully submitted,

**CAMBRIDGE GALAHER SETTLEMENTS & INSURANCE SERVICES, INC.**

By its attorneys,

/s/ George P. Kostakos
George P. Kostakos (6971)
Littler Mendelson, P.C.
10 Weybosset Street, Suite 404
Providence, RI 02903
401-824-2111 (t)
401-454-2969 (f)
gkostakos@littler.com

Daniel W. Srsic
Littler Mendelson, P.C.
21 East State Street, Suite 1600
Columbus, Ohio 43215
(614) 463-4213
(614)573-9812 (fax)
dsrsic@littler.com

Dated: September 2, 2008

## CERTIFICATE OF SERVICE

I, George P. Kostakos, hereby certify that on this 2nd day of September, 2008, the foregoing document was filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent to those indicated as non-registered participants.

/s/ George P. Kostakos
George P. Kostakos